[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10442
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00598-MAP


DONALD BALLOU,

Plaintiff -
Counter Defendant -
Appellant,

versus

SAED TALARI,
TALARI INDUSTRIES, LLC, a Florida Limited Liability Company,
INFRAX SYSTEMS, INC.,
LOCKWOOD TECHNOLOGY CORPORATION, a Nevada Corporation,
FUTUREWORLD CORPORATION, a Delaware Corporation,

Defendants -
Counter Claimants -
Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

The parties are familiar with the record in this case, so we recount only what is necessary to explain our decision. Donald Ballou and Saed Talari were friends and business partners. They eventually had a falling out and sued each other. By consent, the magistrate judge conducted a bench trial on various claims that the parties brought against each other. It then issued a 22-page ruling resolving the claims. Mr. Ballou raises two issues on appeal.

First, Mr. Ballou had claimed that he purchased a $500,000 convertible debenture from Mr. Talari's company, and that he was thus owed this amount. The magistrate judge concluded that no such purchase occurred for a number of reasons, including the absence of credible evidence documenting a meeting of minds and various inconsistencies in Mr. Ballou's evidence. On appeal, Mr. Ballou criticizes the magistrate judge's conclusions with a series of disjointed arguments. However, his criticisms do not identify any substantial infirmities in the magistrate judge's findings. Instead, they mostly seek an impermissible reweighing of the evidence. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Mr. Ballou does at certain points claim that there is simply no basis for some aspect of the magistrate judge's ruling, but he is mistaken. For instance, he says that the "District Court *did not offer one example* where Ballou's testimony 'is too

2

inconsistent . . . .'"  Appellant's Br. at 13 (emphasis added).  In fact, the several sentences immediately following the quoted portion of the ruling provide precisely the examples that Mr. Ballou claims are missing.  On the whole, Mr. Ballou's arguments leave us far from having "'the definite and firm conviction that a mistake has been committed.'"  *Easley v. Cromartie*, 532 U.S. 234, 235 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Second, Mr. Ballou claimed that Mr. Talari failed to pay him wages due under the overtime and minimum-wage provisions of the Fair Labor Standards Act between March 2013 and June 2015.  As for overtime wages, the magistrate judge did not find credible Mr. Ballou's testimony that he ever worked more than 40 hours per week.  Mr. Ballou does not challenge this finding.  As for the minimum-wage claim, the magistrate judge found based on documents admitted during the bench trial that Mr. Ballou was paid wages in 2013, 2014, and 2015 ranging from roughly $24,000 to $90,000 each year, and concluded that this pay amounted to wages well beyond the federal minimum wage.  Mr. Ballou's brief baldly says that: "[t]here is absolutely no evidence that Ballou received minimum wage for 2014 or half of 2015."  Appellant's Br. at 18.  Given the evidence recounted by the magistrate judge, we are not persuaded.

**AFFIRMED.**